Filed 4/10/15  P. v. Wildman CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN JASON WILDMAN,<br><br>    Defendant and Appellant. | G049759<br><br>(Super. Ct. No. 13CF3229)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Steven Jason Wildman, in pro.per.; and Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Steven Jason Wildman of two counts of making criminal threats, a violation of Penal Code section 422, subdivision (a)[1] and also found true the allegation that defendant had suffered a prior conviction for a serious felony (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)). The court sentenced defendant to an aggregate state prison term of seven years, comprised of the middle term of two years on count 1, a consecutive term of five years for the prior serious felony under section 667, subdivision (a)(1), and a concurrent term of two years on count 2.[2]

Defendant appealed the judgment and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court she was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given an opportunity to file written argument on his own behalf, and he has done so, submitting two handwritten briefs totaling 17 pages plus some exhibits.

As explained below, we agree with counsel's assessment; there are no arguable appellate issues. And the issues raised by defendant are unmeritorious. We affirm the judgment.

FACTS

On October 7, 2013, John Aguilar, the facility maintenance superintendant for the City of Santa Ana, took the elevator to the eighth floor of the Santa Ana City Hall. The elevator stopped at the seventh floor and defendant entered the elevator wearing a backpack and pushing a bicycle. Defendant was looking down at the ground and "muttering . . . things like 'I am going to kill so and so.'" Aguilar could not hear whom

---

[1] All statutory reference are to the Penal Code unless otherwise stated.

[2] The court struck the prior serious felony for sentencing purposes only with respect to the two-strikes law, Penal Code section 667, subdivision (e)(1).

defendant was talking about. Aguilar and defendant both got off the elevator on the eighth floor where the city manager's office is located. Aguilar proceeded through some double doors leading to a hallway. Defendant approached the receptionist and asked to speak to the city manager. The receptionist explained that the newly hired city manager would not be in the office until October 21, and that the acting city manager was the chief of police. Defendant became irate, grabbed a service bell from the receptionist's counter, and started waving the bell around while yelling this is "bullshit," "the police had molested him in the past," and "he can't believe that the chief of police [is] the city manager."

The receptionist described defendant's behavior as "very irrational," and "very scary." She was concerned for her safety, so she called the "back office," i.e., the city manager's office, and asked for somebody to come and help. Assistant City Manager Mark Lawrence responded to the lobby area. Meanwhile, Aguilar heard the commotion and returned to stand by the receptionist. Lawrence attempted to calm defendant down, but the situation escalated. Lawrence signaled to Aguilar to call 911; Aguilar ran to the back offices and told some employees to call 911. He then returned to the reception area. Defendant was screaming, "Fuck this. How can the police chief be the city manager." Lawrence tried to engage defendant in dialogue, but defendant "wasn't interested in dialogue." He said, "I am tired of this shit and I am going to fucking kill you. I am going to fucking kill the city manager. I am going to fucking kill the police chief. And I am going to kill the fucking city council." During the tirade defendant looked at Aguilar, who was standing near the reception counter, pointed his finger at him and said "I am going to kill you." Aguilar and Lawrence each testified they were afraid and Lawrence testified he was still in fear of defendant while on the witness stand during trial.

3

*The Prior Serious Felony*

On February 9, 2012, in Orange County Superior Court case No. 12CF0274, defendant pleaded guilty to making criminal threats against three Orange County deputy sheriffs in violation of Penal Code section 422, subdivision (a). He offered the following facts as the basis for his plea. "On January 29, 2012, I willfully and unlawfully threatened Deputy Bloom, Deputy Snow and Deputy Leathers to commit a crime which would result in great bodily injury to them, with the specific intent that the statements be taken as threats, causing each deputy to reasonably be in fear for his safety." Following the plea, the court reduced the second and third counts to misdemeanors pursuant to section 17, subdivision (b)(3), and placed defendant on supervised probation for three years on condition that he serve 180 days in the Orange County jail. Pursuant to Evidence Code section 1101, subdivision (b), the three deputy sheriffs identified in the prior plea testified in greater detail about defendant's conduct which had resulted in the prior charges.

DISCUSSION

To assist the court in its independent review of the record (*Anders v. California* (1967) 386 U.S. 738), appointed counsel suggests we consider three issues: (1) Whether the trial court applied the correct standard in granting defendant *Faretta*[3] motion whereby defendant was permitted to represent himself at trial; (2) Whether the court erred in not giving the jury a lesser included offense instruction on attempted criminal threat; and (3) Whether the court erred in imposing the five-year sentencing enhancement under section 667, subdivision (a)(1). We have independently reviewed the

---

[3] *Faretta v. California* (1975) 422 U.S. 806.

4

entire record, including the potential issues suggested by counsel, and we likewise are unable to find an arguable appellate issue.

Defendant has submitted two supplemental briefs. His argument on appeal, although variously phrased, amounts to a single challenge. (*People v. Kelly* (2006) 40 Cal.4th 106, 110 [In *Wende* proceeding, appellate court must address issues raised personally by appellant].) Defendant argues that the five-year sentencing enhancement is void because his prior conviction of a serious felony is void. He complains that the plea bargain offered to him in the prior case was illegal because a single incident resulted in his pleading guilty to three felony counts of making criminal threats. Pursuant to the plea bargain, the court had reduced two of the counts to misdemeanors under section 17, subdivision (b)(3). Defendant complains that in pronouncing sentence in the prior case the court did not identify which of the three victims was the subject of the felony offense and which of the three victims was the subject of the two misdemeanors.

Defendant's argument finds no support in the law. In entering his guilty plea in the prior case, defendant waived his right to appeal and his right to appeal from "any legally authorized sentence the court impose[d] which [was] within the terms and limits of [the] plea agreement." Defendant did not attempt to appeal. Nor did he seek habeas corpus relief in the prior case. He did file two habeas corpus petitions in the present case raising the identical issue; both of the petitions were summarily denied. His present argument on appeal is akin to a repetitive petition for writ of habeas corpus. "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected." (*In re* Clark (1993) 5 Cal.4th 750, 767.)

Moreover, on the merits, the sentence was "legally authorized." The plea agreement shows on its face that the court had indicated a sentence in which his guilty plea to the second and third counts of the information would be reduced to misdemeanors, and the first count would remain a serious felony constituting a "strike."

5

Manifestly, there is nothing illegal about his sentence. The factual basis for defendant's plea identified three separate victims of his criminal threat. The court exercised its discretion to reduce two of the three offenses to misdemeanors under section 17, subdivision (b)(3), and nothing suggests the court abused its discretion in doing so. Defendant's argument amounts to a collateral attack on a final judgment. For the third time, we reject defendant's collateral attack on the judgment in Orange County Superior Court case No. 12CF0274.

## DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

6